1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   GREGORY E. HOWARD,                          No.  2:13-cv-01521 DAD P

12              Plaintiff,

13        v.                                     ORDER

14   TIME V. VIRGA, et al.,

15              Defendants.

16

17        Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C.

18   § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This

19   proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

20   **I. In Forma Pauperis Application**

21        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. §

22   1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

23        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

24   1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

25   accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

26   the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

27   forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments

28   of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

1    These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

2    the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. §

3    1915(b)(2).

4    **II. Screening Requirement**

5          The court is required to screen complaints brought by prisoners seeking relief against a

6    governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

7    court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

8    "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

9    monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

10         A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

11   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

12   Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

13   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

14   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

15   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

16   Cir. 1989); Franklin, 745 F.2d at 1227.

17         Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

18   statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

19   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

20   Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

21   However, in order to survive dismissal for failure to state a claim a complaint must contain more

22   than "a formulaic recitation of the elements of a cause of action;" it must contain factual

23   allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550

24   U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

25   allegations of the complaint.  See Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740

26   (1976).  The court must also construe the pleading in the light most favorable to the plaintiff and

27   resolve all doubts in the plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

28   /////

1    The court finds that the allegations of plaintiff's complaint are so vague and conclusory

2    that it is unable to determine whether the current action is frivolous or fails to state a claim for

3    relief.  Moreover, plaintiff's complaint does not contain a short and plain statement as required by

4    Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint

5    must give fair notice to the defendants and must allege facts that support the elements of the claim

6    plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).

7    Plaintiff must allege with at least some degree of particularity the overt acts which defendants

8    engaged in that support his the claimed violations of his rights.  Id.  Because plaintiff has failed to

9    comply with the requirements of Federal Rule of Civil Procedure 8(a)(2), the complaint must be

10   dismissed.  The court will, however, grant plaintiff leave to file an amended complaint if he

11   wishes to attempt to proceed with this action and will provide him with the legal standards

12   governing the claims it appears he is attempting to bring.

13   **III. Retaliation**

14   It is well-established that prison inmates have a constitutional right to freedom from

15   retaliation for engaging in activity protected by the First Amendment, including pursuing "'civil

16   rights litigation in the courts.'"  Rhodes v. Robinson, 408 F.3d 559, 566 (9th Cir.2005) (quoting

17   Schroeder v. McDonald, 55 F.3d 454, 461 (9th Cir.1995)).  A retaliation claim brought by a

18   prisoner plaintiff has five elements.  First, plaintiff must allege and show that he engaged in

19   conduct protected by the First Amendment.  See Watison v. Carter, 668 F.3d 1108, 1114 (9th

20   Cir.2012).  Second, a "plaintiff must claim that the defendant took adverse action against the

21   plaintiff."  Id. (citing Rhodes, 408 F.3d at 567).  "The adverse action need not be an independent

22   constitutional violation."  Id. (citing Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir.1995).  Third,

23   plaintiff must allege and show a causal connection between the protected conduct and the adverse

24   action.  Id.  Fourth, the plaintiff must allege and prove either a chilling effect on the exercise of

25   First Amendment rights or some other harm.  Id.  Finally, plaintiff must allege and show that the

26   retaliatory action "'did not advance legitimate goals of the correctional institution.'"  Id. (quoting

27   Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir.1985)).

28   /////

3

1    In his complaint, plaintiff alleges that he suffered retaliation when he was removed from

2  single-cell status on July 24, 2012.  However, plaintiff does not allege facts explaining what

3  protected conduct he claims he was engaged in that resulted in the alleged retaliation.  Plaintiff

4  also has not alleged facts showing a causal link between his protected conduct and the alleged

5  retaliatory action.  In addition, in his complaint plaintiff has not made any allegations addressing

6  whether the alleged retaliatory action of the defendants advanced any legitimate correctional

7  goals.

8  **IV. Eighth Amendment**

9    The Eighth Amendment prohibits the infliction of "cruel and unusual punishments."  U.S.

10  Const. amend. VIII.  The "unnecessary and wanton infliction of pain" constitutes cruel and

11  unusual punishment prohibited by the United States Constitution.  Whitley v. Albers, 475 U.S.

12  312, 319, (1986).  See also Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429

13  U.S. 97, 105–06 (1976).  Neither accident nor negligence constitutes cruel and unusual

14  punishment, as "[i]t is obduracy and wantonness, not inadvertence or error in good faith, that

15  characterize the conduct prohibited by the Cruel and Unusual Punishments Clause."  Whitley, 475

16  U.S. at 319.

17    What is needed to show unnecessary and wanton infliction of pain "varies according to

18  the nature of the alleged constitutional violation."  Hudson v. McMillian, 503 U.S. 1, 5 (1992)

19  (citing Whitley, 475 U.S. at 320).  It is well established that "prison officials have a duty . . . to

20  protect prisoners from violence at the hands of other prisoners."  Farmer v. Brennan, 511 U.S.

21  825, 833 (1994).  "Being violently assaulted in prison is simply not 'part of the penalty that

22  criminal offenders pay for their offense against society.'"  Id. at 834.  However, prison officials

23  do not incur constitutional liability for every injury suffered by a prisoner at the hands of another

24  prisoner.  Id.

25    To prevail on such a claim the plaintiff must allege and prove that objectively he suffered

26  a "sufficiently serious" deprivation.  Farmer, 511 U.S. at 834; Wilson v. Seiter, 501 U.S. 294,

27  298–99 (1991).  The plaintiff must also allege facts showing that subjectively each defendant had

28  a culpable state of mind in allowing or causing the plaintiff's deprivation to occur.  Farmer, 511

4

1  U.S. at 834.  In this regard, a prison official violates the Eighth Amendment "only if he knows

2  that inmates face a substantial risk of serious harm and disregards that risk by failing to take

3  reasonable measures to abate it."  Id. at 847.  Under this standard, a prison official must have a

4  "sufficiently culpable state of mind," one of deliberate indifference to the inmate's health or

5  safety.  Id.

6         In his complaint plaintiff alleges that he should have remained on single-cell status

7  because he had a "history of inside cell violent acts" and had retained single-cell status since

8  2002.  (ECF No. 1 at 4.)  Plaintiff also alleges that on January 3, 2013, approximately five months

9  after he lost the single-cell status, "a violent act occured [sic] with a weapon[.]"  (Id.)  According

10  to exhibits attached by plaintiff to his complaint, plaintiff was found guilty of battery on his cell

11  mate as a result of this incident.  (Id., "Disposition" at 30.)  That disciplinary decision cited to

12  confidential information which indicated that plaintiff attacked his cell mate in order to re-obtain

13  single-cell status.  (Id.)

14         In his amended complaint, plaintiff must address the objective and subjective elements

15  with respect to any Eighth Amendment claim he is attempting to present.  If he elects to file an

16  amended complaint, plaintiff may wish to allege facts explaining why he is unable to be safely

17  housed with other inmates.  In addition, plaintiff is advised to allege facts demonstrating that each

18  named defendant was aware that plaintiff faced a substantial risk of serious harm but failed to act

19  to prevent that harm.

20  **V. Amended Complaint**

21         If plaintiff chooses to file an amended complaint, plaintiff must allege facts demonstrating

22  how the conditions complained of resulted in a deprivation of his federal constitutional or

23  statutory rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Any amended complaint

24  must allege in specific terms how each named defendant was involved in the deprivation of

25  plaintiff's rights.  There can be no liability under 42 U.S.C. § 1983 unless there is some

26  affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo

27  v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v.

28  Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations of official

1  participation in civil rights violations are not sufficient.  <u>Ivey v. Board of Regents</u>, 673 F.2d 266,

2  268 (9th Cir. 1982).

3       Plaintiff is informed that the court cannot refer to a prior pleading in order to make

4  plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be

5  complete in itself without reference to any prior pleading.  This is because, as a general rule, an

6  amended complaint supersedes the original complaint.  <u>See Loux v. Rhay</u>, 375 F.2d 55, 57 (9th

7  Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any

8  function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim

9  and the involvement of each defendant must be sufficiently alleged.

10 **VI. Conclusion**

11      In accordance with the above, IT IS HEREBY ORDERED that:

12      1.  Plaintiff's August 19, 2013 request for leave to proceed in forma pauperis (ECF No. 6)

13 is granted;

14      2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

15 is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. §

16 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

17 Director of the California Department of Corrections and Rehabilitation filed concurrently

18 herewith;

19      3.  Plaintiff's complaint filed July 26, 2013, is dismissed;

20      4.  Plaintiff is granted thirty days from the date of service of this order to file an amended

21 complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil

22 Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number

23 assigned to this case and must be labeled "Amended Complaint"; plaintiff must use the form

24 complaint provided by the Clerk of the Court; failure to file an amended complaint in accordance

25 with this order will result in this action being dismissed without prejudice; and

26 /////

27 /////

28 /////

1        5.  The Clerk of the Court is directed to provide plaintiff with the court's form complaint

2    for a section 1983 action.

3    Dated:  March 28, 2014

4

5                                                    _____
                                                     DALE A. DROZD
6    DAD:4                                           UNITED STATES MAGISTRATE JUDGE
     how1521.14
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28